UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIERRE NATHANIEL PARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-00329-SRC |
| PEGGY HORST et al., | ) ) ) |
| Defendants. | ) ) |

**<u>Memorandum and Order</u>**

In September 2025, the Court denied without prejudice Pierre Nathaniel Parker's application to proceed *in forma pauperis* because he did not submit an inmate-account statement that complied with 28 U.S.C. § 1915(a)(2). Doc. 10 at 2 (The Court cites to page numbers as assigned by CM/ECF.). The Court ordered Parker to, no later than October 30, 2025, either (i) pay the full $405 filing fee or (ii) file a renewed *in forma pauperis* application and certified inmate-account statement, both compliant with section 1915(a) and Local Rule 2.05(A). *Id.* at 4.

In that same order, the Court granted Parker's request to add a defendant to this action and instructed him to file, by the same date, an amended complaint that includes the new defendant. *Id.* at 3. Parker has since filed a renewed *in forma pauperis* application, doc. 12, and a new certified inmate-account statement, doc. 13. But instead of filing an amended complaint, Parker submitted a Motion for Leave to File an Amended Complaint. Doc. 11. For the reasons explained below, the Court grants Parker's renewed *in forma pauperis* application and allows him additional time to file his amended complaint.

I.      **Filing fee**

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating the inability to pay. 28 U.S.C. § 1915(a)(1). In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate-account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20 percent of his income until the prisoner litigant pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the [C]lerk of the [C]ourt each time the amount in the account exceeds $10 until the filing fees are paid." *Id*.

Parker filed a certified inmate-account statement showing transaction activity from September 13, 2024, through March 13, 2025. Doc. 13 at 2. Based on the information in his certified inmate-account statement, the average monthly deposit was $276.33, and the average monthly balance was $106.30. The greater of those figures is $276.33, and 20 percent of $276.33 is $55.27. The Court therefore grants Parker's application to proceed *in forma pauperis*, doc. 12, and assesses an initial partial filing fee of $55.27.

## II.     Amended complaint

In its prior order, the Court granted Parker's request to add a defendant and directed him to file an amended complaint no later than October 30, 2025. Doc 10 at 3. Parker instead filed a Motion for Leave to File an Amended Complaint. Doc. 11. Because the Court already granted Parker's initial request, it construes this new motion as a request for additional time. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (construing pro se motion liberally in favor of prisoner litigant). The Court grants the request and cautions Parker that an amended complaint completely replaces the original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Parker must therefore include every claim he intends to pursue in his amended complaint. *See id.*

## III.    Conclusion

Accordingly, the Court grants Parker's [12] renewed *in forma pauperis* application and assesses an initial partial filing fee of $55.27. Parker must pay that sum to the Clerk of Court no later than January 9, 2026. The Court also grants Parker's [11] Motion for Leave to File an Amended Complaint. Parker must file, no later than January 9, 2026, an amended complaint that includes all defendants he intends to sue. The Court directs the Clerk of Court to mail Parker the Court's standard prisoner civil-rights complaint form. If Parker does not pay the initial partial filing fee and file an amended complaint by January 9, 2026, the Court may dismiss this case without prejudice and without further notice.

So ordered this 25th day of November 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE