UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE NATHANIEL PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00329-SRC |
| | ) | |
| PEGGY HORST et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum and Order

In November 2025, the Court granted Parker's renewed *in forma pauperis* application, assessed an initial partial filing fee of $55.27, and ordered Parker to file an amended complaint no later than January 9, 2026.  Doc. 14 at 3 (The Court cites to page numbers as assigned by CM/ECF.).  Parker has since paid the initial partial filing fee and filed an amended complaint.  Doc. 15.  The Court now screens the amended complaint under 28 U.S.C. § 1915(e)(2) and dismisses this action for the reasons discussed below.

## I.      Background

Parker, an inmate at the St. Charles County Department of Corrections, brings this action under 42 U.S.C. § 1983.  Doc. 15 at 1–2.  His claims arise from a civil proceeding in the Warren County Court that resulted in a $15,012.50 default judgment against him.  *Id*. at 4.  Parker alleges that on December 18, 2024, the Warren County Court failed to provide the necessary paperwork to the Northeast Correctional Center to facilitate his appearance at a televised court hearing.  *Id*. He claims this failure resulted in a "fraudulent" judgment, a threat to suspend his license, severe head pains, inability to sleep, defamation of his character, and emotional distress.  *Id*.

Parker sues seven defendants:  Peggy Horst; the law firm of Evans & Dixon; attorneys Christopher Durso and Andrew C. St. John; the Warren County Court; Judge Richard L. Scheibe; and court official Tim Beard.  *Id*. at 2–5.  He seeks $15,012.50 in actual damages and $50,000 in punitive damages from each defendant.  *Id*. at 6.

## II.    Standard

Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct."  *Id*. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679 (citation omitted).  In doing so, the Court must "accept as true the facts alleged, but not legal conclusions."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true and liberally construes the complaint.  *White v. Clark*, 750

2

F.2d 721, 722 (8th Cir. 1984) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.   Discussion

### A.   Judicial and quasi-judicial immunity

Parker sues Judge Richard L. Scheibe in his individual capacity. Doc. 15 at 5. "[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. The exceptions to judicial immunity are "(1) when a judge takes 'nonjudicial actions'; and (2) when the action is judicial, but is done 'in the complete absence of all jurisdiction.'" *Rockett ex rel. K.R. v. Eighmy*, 71 F.4th 665, 670 (8th Cir. 2023) (quoting *Mireles*, 502 U.S. at 11–12). But otherwise, when a judicial officer exercises the authority vested in him, judicial immunity immunizes him from suit. *See Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020). This is true even when a party accuses a judge of acting maliciously or corruptly. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also*

3

*Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice" (citing *Mireles*, 502 U.S. at 11)); *Rockett*, 71 F.4th at 670 (noting that judicial immunity remains a barrier to suit even for judicial acts done in error, maliciously, or in excess of authority).

Parker alleges that Judge Scheibe found him in default "after hearing a fraudulent [m]otion against [him]." Doc. 15 at 5. It is well established that rendering a judgment—such as a default judgment—against a party is a judicial act. *See Stone v. Graves*, 8 Mo. 148, 151 (Mo. 1843) ("The rendering a judgment is purely a judicial act."); *Freeborn v. Smith*, 69 U.S. 160, 166 (1864) ("[R]endering a judgment is strictly a judicial act . . . ."); *Phillips v. United States*, 212 F.2d 327, 331 n.5 (8th Cir. 1954) ("To render judgment is a judicial function." (citation omitted)); *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (noting that entry of default judgment should be a "rare *judicial act*" (emphasis added) (citation omitted)). Judicial immunity therefore bars Parker's claims against Judge Scheibe. *See Hamilton*, 948 F.3d at 925.

Parker also sues court official Tim Beard, alleging he "passed fraudulent documents" to the state court, thus causing the court to "act in a manner that was prejudicial to [his] case." Doc. 15 at 5. Beard's alleged action—transmitting documents to the court—constitutes a task integral to the judicial process. *See Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) ("[T]he filing of complaints and other documents is an integral part of the judicial process . . . ."). Because Parker alleges no facts suggesting that Beard performed any nonjudicial acts, quasi-judicial immunity bars Parker's claims. *See id.*; *Boyer v. Cnty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992); *Hamilton*, 948 F.3d at 928. Furthermore, Parker's conclusory allegation of "fraudulent" conduct, without supporting factual content, fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

4

**B.      Sovereign immunity**

Parker next sues Warren County Circuit Court.  Doc. 15 at 5.  The Eleventh Amendment "protects [Missouri] and [its] arms and instrumentalities from suit in federal court."  *Johnson v. Griffin*, 69 F.4th 506, 512 (8th Cir. 2023) (quoting *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018)).  This immunity extends to Missouri state courts.  *See Harmon v. Preferred Fam. Healthcare, Inc.*, 125 F.4th 874, 881 (8th Cir. 2025) ("Eleventh Amendment immunity protects courts.").  Additionally, a state court is not a "person" subject to suit under section 1983.  *Id.*  The Court therefore dismisses Parker's claims against the Warren County Circuit Court.

**C.      State action and private defendants**

Parker sues Peggy Horst, the law firm Evans & Dixon, and attorneys Christopher Durso and Andrew C. St. John.  Doc. 15 at 4–5.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Private parties generally do not act under color of state law.  *See Lindke v. Freed*, 601 U.S. 187, 194 (2024).  Although a private party may be held liable under § 1983 for conspiring with a state actor, *see White v. McKinley*, 519 F.3d 806, 815–16 (8th Cir. 2008), Parker has not alleged specific facts suggesting any mutual understanding between these defendants and a state actor, *see generally* doc. 15.  Parker's bare assertions of "fraudulent" motions do not suffice to state a plausible claim.  *See Iqbal*, 556 U.S. at 678.  The Court therefore dismisses Parker's claims against the private defendants.

**D.      State law claims**

Because the Court dismissed Parker's federal claims, to the extent Parker asserts state-law claims for defamation or emotional distress, the Court declines to exercise supplemental

5

jurisdiction over them.  *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S 715, 726 (1966) (stating that when a federal court dismisses all federal claims before trial, it should also dismiss the state claims); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir. 1993).

## IV.    Conclusion

Accordingly, the Court dismisses this action with prejudice under 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal accompanies this Memorandum and Order.  The Court certifies that an appeal from this dismissal would not be taken in good faith.

So ordered this 28th day of July 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE